**CT Corporation**

**Service of Process
Transmittal**
09/29/2021
CT Log Number 540330506

**TO:** Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** **Process Served in Georgia**

**FOR:** Sam's East, Inc.  (Domestic State: AR)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: ROBINSON SHETEKA // To: Sam's East, Inc. |
| **DOCUMENT(S) SERVED:** | Entry, Information Form(s), Certification(s), Summons, Complaint and Demand, First Interrogatories, First Request(s), Notice(s) |
| **COURT/AGENCY:** | Chatham County - State Court, GA<br>Case # STCV2101804 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 07/26/2020, Sam's Club located at 1975 East Montgomery Crossroad, Savannah, GA, 31406 |
| **ON WHOM PROCESS WAS SERVED:** | The Corporation Company (FL), Cumming, GA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/29/2021 at 14:46 |
| **JURISDICTION SERVED :** | Georgia |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service, exclusive of the day of service (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | William J. Degenhart<br>Morgan & Morgan<br>25 Bull Street, Suite 400<br>Savannah, GA 31401<br>912-443-1000 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/29/2021, Expected Purge Date: 10/04/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | The Corporation Company (FL)<br>106 Colony Park Drive<br>STE 800-B<br>Cumming, GA 30040<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

EXHIBIT "A"

Print Form

SHERIFF'S ENTRY OF SERVICE FORSYTH COUNTY SHERIFF

| | |
|---|---|
| Civil Action No. STCV21-01804 | Superior Court ☐   Magistrate Court ☐ |
| | State Court   ☒   Probate Court   ☐ |
| | Juvenile Court ☐ |
| Date Filed 09/21/2021 | Georgia, CHATHAM          COUNTY |
| | SHETEKA ROBINSON |
| Attorney's Address | |
| William Jay Degenhart, Esq. | Plaintiff |
| MORGAN & MORGAN,25 BULL ST., 4TH | VS. |
| SAVANNAH, GA 31401 | |
| Name and Address of Party to Served | SAM'S EAST, INC. |
| Sam's East, Inc. c/o Reg. Agt. | Defendant |
| The Corporation Company, 112 North Main S | |
| Cummming, GA 30040 | Garnishee |

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL**

☐  I have this day served the defendant _____ personally with a copy
of the within action and summons.

**NOTORIOUS**

I have this day served the defendant _____ by leaving a
copy of the action and summons at his most notorious place abode in this County.

☐  Delivered same into hands of _____ described as follows:
age, about _____ years; weight _____ pounds; height _____ feet and _____ inches, domiciled at the residence of
defendant.

**CORPORATION**
Served the defendant _____ Corporation Company _____ a corporation

☒  by leaving a copy of the within action and summons with _____ Wahseer Walker _____
In charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL**
I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises
designated in said affidavit and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class in an
☐  envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed thereon containing notice
to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST**
Diligent search made and defendant _____
☐  not to be found in the jurisdiction of this Court.

This _29_ day of _Sep_, 20 _21_

DEPUTY                                        LDeno

EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/21/2021 11:58 AM           *Brian K. Hart* -Clerk of Court

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of CHATHAM _____ County

| For Clerk Use Only | | |
|---|---|---|
| Date Filed 9/21/2021 | Case Number STCV21-01804 | |
| MM-DD-YYYY | | |

**Plaintiff(s)**
ROBINSON, SHETEKA

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Defendant(s)**
SAM'S EAST, INC.

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |
| Last | First | Middle I. | Suffix | Prefix |

**Plaintiff's Attorney** WILLIAM J. DEGENHART          **Bar Number** 384018          **Self-Represented** ☐

### Check One Case Type in One Box

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_____          _____
Case Number                       Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _____
                                                                         Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_____
_____

Version 1.1.18

EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/21/2021 11:58 AM

 *Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

| | |
|---|---|
| SHETEKA ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: STCV21-STCV21-01804 |
| | ) |
| SAM'S EAST, INC., | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## CERTIFICATION UNDER RULE 3.2

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that no case has heretofore been filed in the State Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the Petition/Pleading to be specifically assigned to the Judge to whom the original action was or is assigned.

This 21st day of September, 2021.

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
(912) 443-1000
wdegenhart@forthepeople.com

*/s/ William J. Degenhart*
William J. Degenhart
Georgia Bar No. 384018
*Attorney for Plaintiff*

Pursuant to Rules 3.2 and 3.4 of the Uniform Superior Court Rules and Local Rule _____ of the Eastern Judicial Circuit of Georgia, I hereby certify that this Petition/ Pleading involves substantially the same parties or substantially the same factual issues as in Case No. _____.

_____ v. _____

Filed in the Eastern Judicial Circuit of Georgia which, under Rule 3.2 of the Superior Court Rules require the Petition/Pleading be specifically assigned to the Judge to whom the original action was or is assigned.

_____
William J. Degenhart
Georgia Bar No. 384018

EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/21/2021 11:58 AM          *Brian K. Hart*-Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
### STATE OF GEORGIA

| | |
|---|---|
| SHETEKA ROBINSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO.: STCV21-_____ STCV21-01804 |
| | ) |
| SAM'S EAST, INC., | ) |
| | ) **DEMAND FOR JURY TRIAL** |
| Defendant. | ) |

## SUMMONS

TO:   **Sam's East, Inc.**
      1975 East Montgomery Crossroad
      Savannah, Chatham County, Georgia 31406

  **YOU ARE HEREBY SUMMONED** and required to file with the Clerk of said Court and serve upon Plaintiff's attorney, William Jay Degenhart, Morgan & Morgan, 25 Bull Street, 4th Floor, Savannah, Georgia 31401, **an Answer to the Complaint** which is herewith served upon you **within 30 days after service** of this Summons and Complaint, exclusive of the day of service. If you fail to do so, Judgment by default will be taken against you for the relief demanded in the Complaint.

  Also served with the Complaint are Plaintiff's First Interrogatories to Defendant, Plaintiff's First Request for Production of Documents to Defendant and Plaintiff's Notice of 30(b)(6) Deposition.

  This ___ day of _____, 202__.


                                                    _____
                                                    CLERK OF COURT

        /s/ Moneisha Green
_____
DEPUTY CLERK, State Court of Chatham County


EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/21/2021 11:58 AM

 *Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHATHAM COUNTY
STATE OF GEORGIA

SHETEKA ROBINSON,                          )
                                           )
    Plaintiff,                             )
                                           )
v.                                         )  CIVIL ACTION NO.: STCV21-STCV21-01804
                                           )
SAM'S EAST, INC.,                          )
                                           )  **DEMAND FOR JURY TRIAL**
    Defendant.                             )

### COMPLAINT AND DEMAND FOR TRIAL BY JURY

COMES NOW Plaintiff, SHETEKA ROBINSON, and states her Complaint for Damages against Defendant SAM'S EAST, INC., as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff SHETEKA ROBINSON is a citizen and resident of the State of Georgia.

2.

The incident that is the subject of this cause of action occurred at Defendant's Sam's Club retail store located at 1975 East Montgomery Crossroad, Savannah, Chatham County, Georgia 31406.

3.

Defendant Sam's East, Inc. is a foreign profit corporation authorized to do business in the State of Georgia, with its principal office located in Bentonville, Arkansas, and is subject to the jurisdiction of this Court. Sam's East, Inc. maintains offices and transacts business in Chatham County, Georgia, the county in which this cause of action originated. Venue as to Sam's East, Inc. is proper in Chatham County, Georgia pursuant to O.C.G.A. § 14-2-510 as the tortious conduct alleged herein occurred in Chatham County, Georgia. Sam's East, Inc. may be served

EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/21/2021 11:58 AM

*Brian K. Hart* -Clerk of Court

with process by issuing Summons and a second original of this Complaint to its registered agent for service, The Corporation Company (FL), 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

4.

Venue in the present case is proper in Chatham County, Georgia.

## FACTUAL ALLEGATIONS

5.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 4 above as if they were restated verbatim.

6.

At all times material hereto, Defendant Sam's East, Inc. (hereinafter "Defendant") owned and operated the property located at approximately 1975 East Montgomery Crossroad, Savannah, Georgia 31406 (hereinafter, "Sam's Club") and as such possessed said property with the intent to occupy and control it and use said property as a retail store.

7.

On July 26, 2020, Defendant was in legal possession of the Sam's Club.

8.

On or about July 26, 2020, Defendant was operating the Sam's Club at the aforementioned location.

9.

On or about July 26, 2020, Plaintiff entered the Sam's Club for the purpose of shopping therein.

10.

EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/21/2021 11:58 AM

*Brian H. Hart* -Clerk of Court

On or about July 26, 2020, upon entering the Sam's Club for the purpose of shopping, Plaintiff assumed the legal status of an invitee as the term is defined and codified under Georgia Law.

## COUNT I

### *Negligence of Defendant*

11.

Plaintiff realleges and incorporates herein by reference Paragraphs 1 through 10 above as if they were restated verbatim.

12.

On or about July 26, 2020, Plaintiff was an invitee at the Sam's Club.

13.

On that same date, as Plaintiff was shopping, she slipped and fell in a liquid believed to be Dawn dish soap.

14.

As a result of the aforementioned incident, Plaintiff suffered injuries.

15.

At all times relevant hereto, Defendant owned and/or managed and/or operated the Sam's Club and owed a legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

16.

At all times relevant hereto, Defendant, by and through its employees and/or agents, had actual and/or constructive knowledge of the hazardous condition of the dish soap on the floor of

EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/21/2021 11:58 AM

*Brian H. Hart* -Clerk of Court

the Sam's Club.

17.

At all times relevant hereto, Plaintiff had no knowledge of the unsafe and dangerous condition of the dish soap on the floor of the Sam's Club, and it was not discoverable by Plaintiff in the exercise of reasonable and ordinary care.

18.

At all times relevant hereto, Plaintiff exercised reasonable care for her own safety.

19.

At all times relevant hereto, Defendant breached its duty of reasonable care in one or more of the following manners:

a)     Defendant failed to inspect the Sam's Club for dangerous conditions;

b)     Defendant failed to warn patrons of a dangerous condition they knew or should have known existed in the Sam's Club; and

c)     Defendant failed to maintain the Sam's Club when they knew or should have known dangerous conditions existed.

20.

As a result of the foregoing, Defendant breached their legal duty to Plaintiff in violation of O.C.G.A § 51-3-1.

21.

As a direct and proximate result of the aforesaid breaches of duty and negligence by Defendants, Plaintiff slipped and fell, suffering personal injuries. Plaintiff has suffered injuries and damages including, but not limited to, past medical expenses, past, present, and future physical pain and suffering, and lost wages.

EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT CLERK CHATHAM CO. GA, 9/21/2021 11:58 AM

 *Brian K. Hart* -Clerk of Court

22.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

### PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully prays and demands as follows:

(a)   That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiff's Complaint;

(b)   That service be had upon Defendant as provided by law;

(c)   That the Court award and enter a judgment in favor of Plaintiff and against Defendant for compensatory damages in an amount to be proven at trial;

(d)   That Plaintiff have a trial by a jury as to all issues; and

(e)   That Plaintiff have such other and further relief as the Court may deem just and proper.

This 21st day of September, 2021.

                    */s/  William J. Degenhart*
                    William J. Degenhart
                    Georgia Bar No. 384018
                    *Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:  (912) 443-1000
F:  (912) 443-1104
wdegenhart@forthepeople.com

EXHIBIT "A"

## IN THE STATE COURT OF CHAHAM COUNTY
## STATE OF GEORGIA

SHETEKA ROBINSON,                    )
                                     )
      Plaintiff,                 )
                                     )
v.                                   )     CIVIL ACTION
                                     )     FILE NO. STCV21-01804
SAM'S EAST, INC. d/b/a SAM'S CLUB    )
                                     )
Defendants.                          )

### ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT

COMES NOW, Defendant Sam's East, Inc d//b/a Sam's Club, and files this Answer and Defenses to Plaintiff's Complaint and shows the Court as follows:

### First Defense

Pending additional investigation and discovery, Defendant affirmatively preserves any and all defenses based on the doctrine of laches and/or the applicable statute of limitations.

### Second Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages were caused or contributed to by Plaintiff's actions.

### Third Defense

Pending additional investigation and discovery, Defendant states that Plaintiff's alleged injuries and damages were caused or contributed to by an unknown party's or parties' actions.

### Fourth Defense

Pending additional investigation and discovery, Defendant denies all allegations of failure to warn.

Copy from re:SearchGA

EXHIBIT "A"

**Fifth Defense**

Defendant breached no duty owed to Plaintiff.

**Sixth Defense**

Defendant denies that Defendant or Defendant's agents or employees were negligent in any way in connection with the incident which is the subject of this litigation.

**Seventh Defense**

Plaintiff may not recover against Defendant because no act or omission of Defendant was the legal cause or the proximate precipitating cause of Plaintiff's alleged injuries and damages.

**Eighth Defense**

Pending additional investigation and discovery, Defendant asserts the defenses of contributory and comparative negligence.

**Ninth Defense**

Plaintiff may not recover against Defendant due to Plaintiff's equal or superior knowledge of any condition which he alleges resulted in this event.

**Tenth Defense**

Plaintiff failed to exercise ordinary care for his own safety.

**Eleventh Defense**

Defendant denies any and all allegations regarding negligent inspection and maintenance.

**Twelfth Defense**

Plaintiff is not entitled to any special damages to the extent that Plaintiff has failed to specifically plead them in accordance with O.C.G.A. § 9-11-9(g).

EXHIBIT "A"

RECEIVED FOR FILING, STATE COURT OF CHATHAM CO. GA 07/18/2021 10:06 AM

Brian K. Hart -Clerk of Court

### Thirteenth Defense

Plaintiff is not entitled to attorney's fees, expenses, post-judgment interest or pre-judgment interest under the facts of this case. Further, Defendant preserves all rights against Plaintiff to the extent these claims are asserted without any justifiable basis in fact or law. If Plaintiff's claims are determined to be false or fraudulent, Defendant reserves the right to seek all sanctions against all persons allowed by law.

### Fourteenth Defense

Pending further investigation and discovery, Defendant reserves the right to assert all affirmative defenses available under the Georgia Civil Practice Act.

### Fifteenth Defense

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### Sixteenth Defense

In answer to the specific allegations of Plaintiff's Complaint, Defendant shows the Court as follows:

### PARTIES AND JURSIDICTION

1.      At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint. As such, those allegations stand automatically denied.

2.      Pending further investigation, at this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits that it is a foreign corporation, that it does business in Chatham County, Georgia, that it is subject to the jurisdiction and venue of this Court, and that the information with regard to its registered agent is correct. Defendant denies the remainder of the

Copy from re:SearchGA

allegations in Paragraph 3, as pled. Defendant denies any allegation or implication of negligence or liability.

4.      Defendant admits the allegations contained in Paragraph 4 of Plaintiff's Complaint. Defendant denies any allegation or implication of negligence or liability.

## FACTUAL ALLEGATIONS

5.      Defendant realleges and incorporates is responses to Paragraphs 1 – 4 of Plaintiff's Complaint as if fully rewritten herein.

6.      Defendant admits that it operated the Sam's Club store described in this Paragraph and that the store was open to the public for business purposes. The remainder of the allegations in this Paragraph are denied as pled.

7.      The allegations contained in Paragraph 7 of Plaintiff's Complaint call for Defendant to reach a conclusion of law in forming a response. As such, no response is required. However, Defendant admits that it operated the Sam's Club store on the day in question.

8.      The allegations contained in Paragraph 8 are admitted, generally. Defendant denies any allegation or implication of negligence or liability.

9.      Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint. As such, those allegations stand automatically denied.

10.     The allegations contained in Paragraph 10 of Plaintiff's Complaint call for Defendant to reach a conclusion of law in forming a response and, as such, no response is required. In addition, at this time, Defendant is without information sufficient to admit or deny the factual allegations contained in Paragraph 10 of Plaintiff's Complaint. Any allegation or implication of negligence or liability is denied.

Copy from re:SearchGA

EXHIBIT "A"

## COUNT I

### *Negligence of Defendant*

11.     Defendant realleges and incorporates is responses to paragraphs 1 – 10 of Plaintiff's Complaint as if fully rewritten herein.

12.     The allegations contained in Paragraph 12 of Plaintiff's Complaint call for Defendant to reach a conclusion of law in forming a response and, as such, no response is required.  In addition, at this time, Defendant is without information sufficient to admit or deny the factual allegations contained in Paragraph 12 of Plaintiff's Complaint.

13.     At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 13 of Plaintiff's Complaint.  Any allegation or implication of negligence or liability is denied.

14.     At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 14 of Plaintiff's Complaint.  Any allegation or implication of negligence or liability is denied.

15.     Defendant states that any such duties are established as a matter of Georgia law. Defendant denies the existence of any "hidden dangers or defects."  Any allegation or implication of negligence or liability is denied.

16.     The allegations contained in Paragraph 16 of Plaintiff's Complaint are denied.

17.     The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied, as pled.

18.     At this time, Defendant is without information sufficient to admit or deny the allegations contained in Paragraph 18 of Plaintiff's Complaint.  As such, those allegations stand automatically denied.

Copy from re:SearchGA

EXHIBIT "A"

19.     The allegations contained in Paragraph 19, and the subparts thereto, of Plaintiff's Complaint are denied

20.     The allegations contained in Paragraph 20 of Plaintiff's Complaint are denied.

21.     The allegations contained in Paragraph 21 of Plaintiff's Complaint are denied.

22.     The allegations contained in Paragraph 22 of Plaintiff's Complaint are denied.

23.     Defendant denies that Plaintiff is entitled to the relief requested in Plaintiff's "prayer for relief", which appears immediately after the 22nd Paragraph of Plaintiff's Complaint.

24.     Any remaining allegations which have not been admitted, denied, or otherwise responded to are hereby denied.

**.DEFENDANT HEREBY DEMANDS TRIAL BY JURY OF TWELVE REGARDING ANY ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Having fully answered, Defendant prays that it be discharged with all costs cast against Plaintiff.

Respectfully submitted, this 26th day of October, 2021.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

_____

GARRET W. MEADER
Georgia Bar No. 142402
*Attorney for Defendant Walmart*

777 Gloucester Street
Suite 305
Brunswick, Georgia  31520
(912) 280-9662
MeaderGr@deflaw.com

EXHIBIT "A"

*Brian K. Hart* -Clerk of Court

IN THE STATE COURT OF CHAHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHETEKA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION |
| | ) | FILE NO. STCV21-01804 |
| SAM'S EAST, INC. d/b/a SAM'S CLUB | ) | |
| | ) | |
| Defendants. | ) | |

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this day forwarded, via Statutory Electronic Service via filing

with Odyssey, a true and correct copy of the foregoing ***Answer and Defenses to Plaintiff's***

***Complaint*** to the following counsel of record, addressed as follows

wdegenhart@forthepeople.com
William J. Degenhart
Morgan & Morgan
25 Bull Street Suite 400
Savannah, GA 31401

This 26th day of October, 2021.

**DREW, ECKL & FARNHAM, LLP**

*/s/ Garret W. Meader*

_____

GARRET W. MEADER
Georgia Bar No. 142402
*Attorney for Defendant*

777 Gloucester Street
Suite 305
Brunswick, Georgia,31520
(912) 280-9662
MeaderGr@deflaw.com

Copy from re:SearchGA

EXHIBIT "A"

IN THE STATE COURT OF CHAHAM COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| SHETEKA ROBINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. STCV21-01804 |
| | ) | |
| SAM'S EAST, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST INTERROGATORIES

COMES NOW, Plaintiff **Sheteka Robinson,** and responds to Defendant's First

Interrogatories, as follows:

## GENERAL OBJECTIONS

Plaintiff's investigation and discovery in this matter are continuing, and Plaintiff reserves

the right to supplement, modify, or amend these responses, if necessary, to conform to facts and

evidence.  All rights of the Plaintiff are expressly reserved and nothing in the responses that

follow is intended as or serves as a waiver of any and all rights of the Plaintiff consistent with the

Georgia Civil Practice Act.

Plaintiff objects to Defendant's Interrogatories and accompanying instructions and

definitions to the extent they seek to impose any obligation on the Plaintiff, for supplementation

or otherwise, beyond that required by the Georgia Civil Practice Act.

Plaintiff objects to Defendant's Interrogatories to the extent they seek information or

documents protected by the attorney-client privilege, the work product doctrine, or any other

applicable immunity.

Subject to and without waiving the foregoing objections, Plaintiff responds to each

EXHIBIT "A"

interrogatory as follows:

## INTERROGATORIES

1.

State your (a) full legal name and any other names you have ever used; (b) your date and place of birth; (c) marital status, full name of spouse(s), and date of your marriage(s) and divorce(s) if applicable; (d) names and ages of all children; (e) social security number; (f) current address and address at time of accident at issue; and (g) education background including all schools, institutions, trade or professional schools attended and the dates of attendance of each, and the degrees, certificates, or licenses obtained at each.

**RESPONSE: Sheteka Markesha Robinson;** ███ **1977, Fort Campbell, KY; Single; Journey Robinson, 6 years old; xxx-xx-5032;** ███████████ **, Savannah, GA 31419; Windsor Forest High School 1993-1996 rec'd HS diploma, Savannah Technical College, 2019-2021, no degree.**

2.

If you have ever arrested or convicted of any crime (other than a traffic offense) please identify each crime, date of arrest, the arresting authority, the court in which any criminal proceeding against you was held, and the disposition of each charge.  See Lewis v. The State, 243 Ga. 443, 254 S.E.2d 830 (1979); Hightower v. G.M., 175 Ga. App. 112, 232 S.E.2d 336 (1985).

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad in time and scope, burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to this objection, and without waiving the same, Plaintiff was arrested 02/19/2018 in Chatham County for theft**

EXHIBIT "A"

by taking, but has not yet been to Court.

3.

State specifically the name, address, and telephone number of your employer(s) for whom you have worked for the past fifteen (15) years giving as to each the dates of employment, the nature of your work, the name of your supervisor(s), your rate of pay, and your reasons for leaving, if applicable.

**RESPONSE:**

**11/01/20 – Present:   Americold Logistics, 2001 Old River Road, Bloomingdale, GA 31302, 912-235-0350, Supervisor: Ron McClure, $15/hour;**

**04/2019 – 10/2019:   SunState Security Regional Office, 102 E. Lathrop Avenue, Savannah, GA 31401, 1-866-710-2019, $15/hour; security of the premises;**

**07/30/2018 – 04/24/2019:    The Alida Hotel, 412 Williamson Street, Savannah, GA 31401, 912-715-7000, Supervisor: Ignacio Manzanera, $15/hour, Plaintiff used decisive verbal communication and strategic patrol routines to provide a secure environment, reporting any safety hazards or security risks;**

**04/2018 – 07/2018:   The Perry Lane, 256 E. Perry Street, Savannah, GA 31401, 912-415-9000, Supervisor: Cody, $15/hour; Plaintiff used decisive verbal communication and strategic patrol routines to provide a secure environment, reporting any safety hazards or security risks;**

**12/2009 – 02/2018:   Coastal Transitional Center, 309 Stiles Avenue, Savannah, GA 31415, 912-651-0900, Supervisor: Maurio Sinkford, $29,856/year, correctional officer – ensured safety and security to inmates;**

EXHIBIT "A"

**02/2009 – 11/2009:   Ridgeland State Prison, 5 Correctional Road, Ridgeland, SC 29936, 843-7266888, $30,066/year, correctional officer – ensured safety and security to inmates;**

**03/2005 – 02/2008:   Gateway Diversion Center, 1100 Sylvan Road, Atlanta, GA 30310, 404-756-4600, Supervisor: James Smith, $24,846/year, maintained order and control amongst offenders, supervised inmates.**

4.

If you or any member of your immediate family have ever been a party to a lawsuit, including a claim for Worker's Compensation, or a bankruptcy proceeding, please identify the person involved, give the style and number of the case, the nature of the litigation, the role you or your family member had (plaintiff, defendant, etc.) and the court or administrative body before which the suit was filed.

**RESPONSE: None.**

5.

If you have ever made a claim for bodily injury or property damage against any person, firm or entity, including any insurer, please provide the following with regard to each such claim: (a) identify the person, firm, corporation and insurer against whom the claim was made; (b) describe the details of the claim; (c) identify the adjuster or other representative who handled the claim; and, (d) identify all documents including, but not limited to, all notices, correspondence, settlement agreements, releases, drafts, checks, etc., relating to the claim.

**RESPONSE: None.**

6.

Please state specifically where the incident giving rise to this lawsuit took place, state the

EXHIBIT "A"

date and time of day of the occurrence, state how the occurrence happened (including a specific description of the cause(s) of your slip/fall), and identify all of your alleged injuries.

**RESPONSE: The incident occurred on 07/26/2020, at approximately 3:10 p.m.  As Plaintiff was exiting Sam's, she slipped in a blue liquid, believed to be Dawn dish soap.**

7.

Please describe the mechanics of your accident (i.e., did you fall?  If so, what caused you to slip and/or fall, how you slipped and/or fell (forward, backward, sideways, etc.), how you landed, what part(s) of your body struck the ground, etc.).

**RESPONSE:  Plaintiff fell back on her the palms of her hands and did a "split."**

8.

Please describe, in detail, the substance which caused you to slip and fall, including but not limited to the identity, size, shape, color, dimensions, odor, amount, consistency, and exact location of the substance at issue.  Please state how long this substance had been present on the floor.

**RESPONSE:  What is believed to have been Dawn dish soap, it was approximately 2 feet in diameter in the middle of the aisle close to the cashiers.**

9.

Give the name, address and telephone number of all persons that to you or your representatives' knowledge, information or belief were eyewitnesses to the occurrence, and/or have relevant knowledge concerning the occurrence, any issue of liability in this lawsuit, or the damages you claim in connection with this lawsuit.

**RESPONSE:  Keonna  Biggins ████████, ██████████████████████ Savannah, GA 31419, Plaintiff's friend, was with her; Sam's employees.**

EXHIBIT "A"

10.

Please state in specific detail your actions <u>prior to the subject incident</u>, from the time you arrived at the premises until the time of your accident, including a description of everything you did and everyone with whom you spoke.

**<u>RESPONSE</u>: Plaintiff went into Sam's to buy dinner, but they didn't have what she wanted, so she left. She did ask a Sam's employee if they had turkey wings.**

11.

Please state in specific detail your actions <u>after the subject incident</u>, from the time of your accident until the time you departed the premises, including a description of everything you did and everyone with whom you spoke.

**<u>RESPONSE</u>: After Plaintiff fell to the floor, the store manager helped her up and put her in a wheelchair. He then completed the Incident Report. Ms. Biggins took Plaintiff to the ER.**

12.

Please identify all persons whom you contend were in close proximity to you at the time of the incident who either witnessed the incident, or came to your assistance immediately after the incident, giving for each their full name, address, telephone number, name of their employer, and a brief description of how each assisted you.

**<u>RESPONSE</u>: Keonna Biggins** ████████████████████████████████████ **Savannah, GA 31419; Sam's employees, Sam's store manager. Sam's employees and store manager's contact information should be in possession of Defendant.**

13.

Please state the name, address, and telephone number of all persons who arrived at the

EXHIBIT "A"

scene of the occurrence within an hour of the occurrence or that you or any other representative

or family member spoke with in the twenty-four (24) hours following the occurrence.

**RESPONSE**: **Sam's store manager, Keonna Biggins. Plaintiff spoke with the ER doctors at St. Joseph's, Plaintiff's mother.**

14.

Please give your height and weight at the time of the occurrence.

**RESPONSE**: **5'9", 250 lbs.**

15.

Please describe all objects in your hands at the time of the occurrence, and state whether you were using (or were prescribed but not using) any type of ambulatory device at the time of the accident at issue.

**RESPONSE**: **None.**

16.

State whether you wear prescription glasses.  If so, identify the condition for which you are prescribed glasses (i.e., near-sightedness, far-sightedness, etc.), and state whether you were wearing your glasses at the time of the incident.

**RESPONSE**: **Plaintiff wears prescription glasses, but does not recall if she was wearing them at the time of the incident.**

17.

Please state how many times you had walked by, near, or through the location of your accident, on the day of the accident, prior to the accident at issue in Plaintiff's Complaint.

**RESPONSE**: **None on the day of the incident.**

EXHIBIT "A"

18.

Please identify the first time you saw the substance which caused you to slip and fall.

**RESPONSE: Plaintiff did not see the substance until she slipped and fell in it.**

19.

State the facts upon which you rely in support of your allegation that Defendant had actual or constructive knowledge of the condition which you alleged caused the incident; identify all persons with knowledge of the foregoing facts; and identify all documents which you contend support or demonstrate the foregoing facts.

**RESPONSE: Plaintiff objects to the information sought by this Interrogatory on the grounds that Plaintiff is not an attorney and therefore is without sufficient knowledge and qualifications to state all state or federal laws and/or regulations which the Defendant violated in connection with the subject incident. Subject to and without waiving the foregoing objection, O.C.G.A. § 51-3-1. Plaintiff reserves the right to supplement this response.**

20.

Please set forth in detail each and every act or omission that you contend was a breach of duty on the part of the Defendant.

**RESPONSE: O.C.G.A § 51-3-1. Failing to place a wet floor sign at or near the blue liquid on the floor, failing to clean the liquid off the floor.**

21.

With regard to each statement (oral, written, recorded, court or deposition transcript, etc.) taken from any person with knowledge relevant to this lawsuit, please state the name of each person, the name and address of the person or entity taking each statement, the date each

EXHIBIT "A"

statement was taken, and the name and address of each person having possession, custody or control of each statement.

**RESPONSE: Plaintiff objects to the information sought by this Interrogatory on the grounds that it violates the attorney work product doctrine and attorney-client privilege. Notwithstanding said objection, Plaintiff states that, to the best of her knowledge, no statements have been taken relative to the subject incident.**

22.

Describe with reasonable particularity all photographs, charts, diagrams, videotapes, and other illustrations of any person, place or thing involved in this lawsuit, giving the date each was made and the name and address of the person(s) with possession, custody or control of each item.

**RESPONSE: None, other than the store video produced by Defendant.**

23.

Please state whether you were talking to anyone at the time of the accident (either in person, on the telephone, via text or e-mail, etc.).  If so, please identify all such persons.

**RESPONSE: No one.**

24.

Identify all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulations which you contend the Defendant violated with respect to the incident giving rise to this lawsuit.

**RESPONSE: Plaintiff objects to the information sought by this Interrogatory on the grounds that Plaintiff is not an attorney and therefore is without sufficient knowledge and qualifications to state all United States statutes, state statutes, city ordinances, county ordinances, and all other governmental laws, rules or regulation which the Defendant**

EXHIBIT "A"

violated in connection with the subject incident.  Subject to the above-referenced objection and without waiving same, O.C.G.A. § 51-3-1.  Plaintiff reserves the right to supplement this Response.

25.

If you consumed any alcoholic beverages, prescription or over-the counter medicines or drugs, or illegal drugs within 24 hours prior to the occurrence, please identify the nature and quantity thereof, all persons present, and the time(s) and place(s) where such were consumed.

**RESPONSE: None.**

26.

Please describe all accidents or incidents in which you have been involved (including but not limited to all auto accidents, work accidents, slip and falls, trip and falls, sports injuries, home accidents, etc.), prior to the occurrence, and describe the personal injuries, if any, which you received in each such accident or incident.

**RESPONSE: In approximately 2006, Plaintiff was rear-ended/sided by an 18-wheeler.  She sustained no injuries.**

27.

Please describe all accidents or incidents in which you have been involved (including but not limited to all auto accidents, work accidents, slip and falls, trip and falls, sports injuries, home accidents, etc.), subsequent to the occurrence, and describe the personal injuries, if any, which you received in each such accident or incident.

**RESPONSE: See response to No. 26.**

28.

State the substance of and names of the parties to all conversations or other

EXHIBIT "A"

communications you had with any representative of the Defendant, and/or other individuals present at the location of the alleged incident on the date of the incident, at the time of or at any time following the occurrence.

**RESPONSE: Other than the store manager, who took the Incident Report, none.**

29.

Please identify each expert expected to testify at trial and state the subject matter on which the expert is expected to testify, the substance of the facts and opinions to which the expert is expected to testify and give a summary of the grounds for each opinion. See Official Code of Georgia Ann. § 9-11-26.  PLEASE NOTE THAT THIS INTERROGATORY APPLIES TO ALL EXPERT WITNESSES INCLUDING ALL PRACTITIONERS OF THE HEALING ARTS.

**RESPONSE: Plaintiff has not retained any experts at this time; however, Plaintiff reserves the right to call upon experts, as needed, in order to prove her case. Plaintiff may call upon experts whose names will be furnished when they are available in accordance with Pritchett v. Anding, et al., 168 Ga. App. 658 (1983). Plaintiff may call upon her treating physicians who will testify about their own observations associated with her injuries and their opinions will be based upon the facts as they exist in this case, as well as their knowledge and experience in their particular field of expertise.**

**Plaintiff reserves the right to supplement this response.**

30.

State in detail, to the best of your ability, all injuries and damages you claim you received as a result of the incident giving rise to this lawsuit.

**RESPONSE: Plaintiff sustained injuries to her upper and lower back, right knee**

EXHIBIT "A"

and had a torn rotator cuff in her left shoulder.  See medical records and bills produced herewith.  Plaintiff reserves the right to supplement this response.

31.

State whether you had any prior or subsequent injuries, diseases or difficulties in the areas of the body which you claim were injured in the occurrence, or to areas of your body involving your senses (sight, hearing, etc.) and/or balance, and give the names and addresses of all practitioners of the healing arts, including family doctors, who treated you for such injury, disease or difficulty.

**RESPONSE: Plaintiff has never injured the parts of her body that she injured in this incident.**

32.

State the names and addresses of all doctors, osteopaths, psychologists, physical therapists, chiropractors and other practitioners of the healing arts of any type or nature who treated you as a result of the incident that is the subject of this litigation, give the date of your last visit to each and indicate whether each has issued a written report regarding his or her treatment of you.

**RESPONSE:**

| | | |
|---|---|---|
| **St. Joseph's Hospital** | **07/26/2021** | **$13,538.00** |
| **11705 Mercy Boulevard** | | |
| **Savannah, GA  31419** | | |
| **(912) 819-4100** | | |
| | | |
| **Georgia Emergency Assoc.** | **07/26/2020** | **$689.00** |
| **P.O. Box 10066** | | |
| **Savannah, GA  31412** | | |
| **(888) 311-8760** | | |
| | | |
| **Savannah Chatham Imaging** | **07/26/2020** | **$717.00** |
| **1 Johnston St Ste 11** | | |

EXHIBIT "A"

| | | |
|---|---|---|
| Savannah, GA  31405<br>(844) 733-0195 | | |
| **Adult Primary Care**<br>**4451 Paulsen Street**<br>**Savannah, GA  31405**<br>**(912) 350-7500** | **08/04/2020 – 02/26/2021** | **$1,670.00** |
| **Chatham Orthopaedic Associates**<br>**1203 Gandy Dancer Clock Tower**<br>**Richmond Hill, GA  31324**<br>**(912) 445-5904** | **10/08/2020-06/23/2021** | **$4,566.00** |
| **St. Joe's Rehab**<br>**11705 Mercy Boulevard**<br>**Plaza B, Ste. 2-C**<br>**Savannah, GA  31419** | **12/14/2020-03/03/2021** | **$3,324.00**<br>***To be Supplemented*** |

**Plaintiff reserves the right to supplement this response.**

33.

Give the names and addresses of all treating physicians including all family doctors, interns, osteopaths, psychologists, physical therapists, chiropractors and other practitioners of the healing arts of any type or nature, and all hospitals, infirmaries, clinics, sanitariums, nursing homes, and asylums in which you received treatment, including the dates of such treatment:  (a) after the occurrence (for any illness, injury or condition not related to the occurrence); and, (b) for the fifteen (15) years prior to the occurrence.

**RESPONSE: Plaintiff objects to this Interrogatory on the grounds that it is overly broad in time and scope, burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving the foregoing objection, Plaintiff has treated with her PCP, Roel Laygo, Memorial Health Internal Medicine, 4451 Paulsen St., Savannah, GA 31405 in the past 15 years.**

34.

Please itemize all special damages which you allege you incurred (or others have

EXHIBIT "A"

incurred on your behalf) as a result of the occurrence, including medical expenses, hospital expenses, drug expenses, property damage, lost wages, and all other special damages (describing same) you claim you incurred as a result of the occurrence.

      **RESPONSE: See medical bills produced herewith.**

35.

With respect to any payments or benefits which you received because of the occurrence, please state the amount and payee of each benefit, the name and address of the person, insurance company, corporation or other entity making each payment or benefit available, and the nature of each payment or benefit made (i.e., Workers' Compensation, disability income, medical payments policy, U.S. or State government, Medicare, Medicaid, Champus, etc.).

      **RESPONSE:   Plaintiff objects to this Interrogatory because it violates the collateral source rule, seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Subject to the foregoing objection and without waiving same, Plaintiff has Ambetter/PeachState.   Plaintiff has not "received money" from anyone, such as a Pre-Settlement Funding operation or "Medical Funding."**

36.

If you are making a claim for lost wages or loss of income, state whether or not you filed state and Federal income tax returns for the preceding five years and, if so, state where each return was filed, the social security or tax number on each return, and the total wages, salaries, tips, etc. on each return.

      **RESPONSE:  Not applicable, as Plaintiff is not claiming lost wages.**

EXHIBIT "A"

37.

For any lost wage or salary claim that you make, please explain how you computed the amount of damages and state the name and address of each employer at the relevant time, the name and telephone number of her supervisor, the dates you was unable to work, the date you returned to work, your rate of pay and whether or not your employer continued to pay your salary during any part of the time you was unable to work.

**RESPONSE:  Not applicable, as Plaintiff is not claiming lost wages.**

38.

Please identify with reasonable particularity (including the title and date) all documents (proof of loss, loan receipt, subrogation agreements, assignments, settlement agreements, releases, covenants not to sue, etc.) executed by you in connection with the payment of any money to you because of the occurrence by an insurance carrier or any other entity.

**RESPONSE:  Plaintiff objects to this Interrogatory because it violates the collateral source rule, seeks information not relevant to the subject matter of this lawsuit and is not reasonably calculated to lead to the discovery of admissible evidence in this lawsuit. Subject to the foregoing objection and without waiving same, there may be a subrogation lien with Rawlings Company/CareSource.**

39.

Please include a specific description of all losses you intend to claim in this case.

**RESPONSE:  Medical expenses, physical pain and suffering, future medical bills.**

This 3rd day of December, 2021.

>                                    /s/  William J. Degenhart
>                                    William J. Degenhart
>                                    Georgia Bar No. 384018
>                                    Attorney for Plaintiff

EXHIBIT "A"

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:  (912) 443-1000
wdegenhart@forthepeople.com

EXHIBIT "A"

IN THE STATE COURT OF CHAHAM COUNTY
STATE OF GEORGIA

SHETEKA ROBINSON,                          )
                                           )
          Plaintiff,                       )
                                           )
v.                                         )  CIVIL ACTION NO. STCV21-01804
                                           )
SAM'S EAST, INC.,                          )
                                           )
          Defendant.                       )

## **VERIFICATION**

Personally appeared before the undersigned Notary Public, **Sheteka Robinson**, who, after first being duly sworn, states that the averments contained in Plaintiff's Responses to Defendant's Interrogatories are true and correct to the best of her knowledge.

This _2_ day of _Dec_, 202_1_.

_____
Sheteka Robinson, Affiant

Sworn to and subscribed before me,
this _2_ day of _Dec_, 202_1_.

_____
Notary Public

My Commission Expires:

Tonya L Groover
NOTARY PUBLIC
Chatham County, GEORGIA
My Commission Expires 09/15/2023

## CERTIFICATE OF SERVICE

This is to certify that I have served a true and correct copy of the foregoing *Plaintiff's Responses to Defendant's First Interrogatories* on this date upon all counsel of record via statutory electronic service and addressed as follows:

Garret Meader
Samantha DiPolito
Ann Searcy
DREW, ECKL & FARNHAM, LLP
777 Gloucester Street, Suite 305
Brunswick, Georgia 31520
gmeader@deflaw.com
DiPolitoS@deflaw.com
SearcyA@deflaw.com
*Attorneys for Defendants*

This 3ʳᵈ day of December, 2021.

/s/  William J. Degenhart
William J. Degenhart
Georgia Bar No. 384018
*Attorney for Plaintiff*

**MORGAN & MORGAN**
25 Bull Street, Suite 400
Savannah, Georgia 31401
T:  (912) 443-1000
F:  (912) 443-1104
wdegenhart@forthepeople.com

EXHIBIT "A"