# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| SHETEKA ROBINSON,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SAM'S EAST, INC,<br><br>　　　　Defendant. | CASE NO.: 4:22-cv-178 |

## ORDER SETTING SETTLEMENT CONFERENCE

Following a January 4, 2023 status conference with the parties, their Consent Motion for Court-Directed Settlement Conference is **GRANTED**. Doc. 12. It is **ORDERED** that this case is set for a settlement conference before the undersigned at 9:00 AM on February 10, 2023. The settlement conference will be conducted in-person at the temporary United States Courthouse at 8 Southern Oaks Ct., Savannah, GA 31405.

The Court believes the parties should fully explore and consider settlement at the earliest opportunity. Early consideration of settlement can prevent unnecessary litigation and allow the parties to avoid the

substantial cost, expenditure of time, and stress that are typically part of the litigation process. Even for those cases that cannot be resolved through settlement, early consideration of settlement allows the parties to better understand the factual and legal nature of their dispute and streamline the issues to be litigated. To that end, the Court offers an informal settlement conference option to parties who choose to participate.

However, consideration of settlement is a serious matter that requires thorough preparation prior to the settlement conference. As a result, and unless otherwise noted, the parties are **DIRECTED** to comply with the following procedures in preparation for the settlement conference. <u>Counsel are advised to review this order carefully.</u> **<u>FAILURE TO COMPLY WITH THESE PROCEDURES IN A TIMELY MANNER WILL RESULT IN CANCELLATION OF THE CONFERENCE.</u>**

### PARTIES' EXCHANGE OF DEMAND AND OFFER

At least twenty-one (21) days prior to the settlement conference, plaintiff's counsel shall make a written settlement demand to defendant with a brief explanation of why such a settlement is appropriate. When

plaintiff's counsel submits the demand to defendant, plaintiff's counsel shall also email the demand to the undersigned's Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov.

No later than fourteen (14) days prior to the settlement conference, defendant's counsel shall submit a written offer to plaintiff's counsel with a brief explanation of why such a settlement is appropriate. When defendant's counsel submits the offer to plaintiff, defendant shall also email the offer to the undersigned's Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov.

On occasion, this process will lead directly to a settlement. If so, the parties must file a notice of settlement and identify the anticipated timeline in which the case will be fully resolved and dismissed. This notice must be filed no later than 24 hours before the settlement conference is scheduled to begin.

After review of these submissions, the Court reserves the right to cancel the mediation where settlement appears unlikely. However, as an alternative to immediate cancellation, the Court may require the parties to submit to the Court a realistic assessment of the possibility of settlement and certify their agreement thereto. If the Court requires

such a certification, it will consider that filing in determining whether the parties are prepared to mediate—and indeed do mediate—in good faith. If, at **any** point during the process, the Court determines that one or both parties' conduct evidences a lack of good faith, the Court will assess sanctions in accordance with S.D. Ga. L.R. 16.7.6(g).

## CONFIDENTIAL PARTY SUBMISSIONS

If settlement is not achieved as a result of the process described above, each party shall email a **confidential, *ex parte***[1] letter to the Courtroom Deputy Clerk at molly_davenport@gas.uscourts.gov no later than (7) seven days before the conference. The letters should include:

1)  the history of any settlement negotiations to date and each party's general settlement posture;

2)  the facts you believe you can prove at trial;

3)  a candid discussion of both the strengths and weaknesses of each side of the case;

4)  a description of any liability disputes;

5)  a representation as to whether discovery has been completed and, if not, what discovery remains;

6)  the identification of any outstanding motions which could have an effect on settlement;

---

[1] As these letters are **confidential** they **should neither be served on opposing parties nor filed on the docket**.

7)     an evaluation of the maximum and minimum damage awards you believe likely;

8)     whether there are any non-monetary compensation arrangements which the parties require (apologies, confidentiality statements, etc.);

9)     an estimate of the attorneys' fees and costs both to date and through trial; and

10)     an estimate of how much time the Court should set aside for the settlement conference.

The letters should be written with candor. The letters should be no more than five pages single-spaced and may contain no more than ten additional pages of exhibits. Contemporaneously with the emailing of the letters, counsel for each party shall also complete and email to the Courtroom Deputy Clerk the undersigned's Settlement Conference Worksheet which is attached to this Order. If any party believes that additional individuals or entities who are currently not parties to the case are necessary participants in any mediation (e.g., third party lien holders), they are directed to indicate so on the Worksheet in the Additional Comments section.

## PRE-SETTLEMENT CONFERENCE CALL

The Court will schedule a brief administrative phone or video conference call with all counsel approximately (7) seven days prior to the

settlement conference. In addition to any additional information the parties may wish to share concerning the status of the case, this conference will also serve as an opportunity to finalize any outstanding details such as the format of the conference.

### PREPARATION FOR THE SETTLEMENT CONFERENCE[2]

For many parties, this will be the first time they will participate in a court-supervised settlement conference. Therefore, prior to the settlement conference, counsel shall provide a copy to, and discuss this Order with, their clients and any other person who will attend the settlement conference. **All** participants should be prepared to answer the following questions at the settlement conference:

1) What are your goals in this litigation and what problems would you like to address in the settlement conference? What do you understand the opposing side's goals to be?

2) What issues need to be resolved?

3) What are the strengths and weaknesses of your case?

4) Do you understand the opposing side's view of the case? What is wrong with their perception? What is right with their perception?

---

[2] The Court expects the parties to address each other with courtesy and respect. Parties are encouraged to be frank and open in their discussions. As a result, (unless otherwise agreed upon) statements made by any party during the settlement conference are not to be used in discovery and will not be admissible at trial.

5) What are the points of agreement and disagreement between the parties? Factual? Legal?

6) What are the impediments to settlement? Financial? Emotional? Legal?

7) Does settlement or further litigation better enable you to accomplish your goals?

8) Are there possibilities for a creative resolution of the dispute?

9) Do you have adequate information to discuss settlement? If not, how will you obtain sufficient information to make a meaningful settlement discussion possible?

## ATTENDANCE OF PARTIES AND INSURERS REQUIRED

**The Court requires that parties and all individuals necessary to accomplish full and complete settlement personally attend the settlement conference. This may include a representative of an insurance company. In either circumstance, an individual with full settlement authority must be present <u>in person</u>.**[3] An uninsured corporate party shall appear by a representative authorized to negotiate, and who has full authority to settle the matter. Having a client or insurance representative with authority available only

---

[3] As discussed at the status conference, Defendant's client representative with full settlement authority may participate in the mediation remotely. Plaintiff, Plaintiff's counsel, and Defendant's counsel must participate in-person.

by telephone is not an acceptable alternative, except under the most extraordinary of circumstances and where prior approval of the Court is granted.

## CONFERENCE FORMAT

The Court will generally employ a format similar to private mediation: to wit, a joint session with opening remarks by the Court to be followed by a brief (i.e., no more than 10 minute) presentation by each party and then separate caucuses with each party. To the extent the parties feel that a different format would be more helpful (e.g., dispensing with opening statements or separate caucuses), they should plan to discuss that issue at the Pre-Settlement Conference Call. The Court expects both the lawyers and the party representatives to be fully prepared to participate at the mediation session. The Court encourages all parties to keep an open mind in order to re-assess their previous positions and discover creative means for resolving the dispute.

**SO ORDERED** this 6th day of January, 2023.

_____
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia

# SETTLEMENT CONFERENCE WORKSHEET
## MAGISTRATE JUDGE CHRISTOPHER L. RAY

United States District Court – Southern District of Georgia
8 Southern Oaks Ct.
Savannah, GA 31405

Molly Davenport, Courtroom Deputy
Office: (912-650-4035)
e-mail: molly_davenport@gas.uscourts.gov

I. Date of Settlement Conference:

II. Parties Attending

   a. Plaintiff

      i. Counsel: _____

      ii. Client Representative: _____

      Authority to settle?   Yes ☐   No ☐

      iii. Additional Attendees: _____

      Authority to settle?   Yes ☐   No ☐

      iv. Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

      _____
      _____
      _____
      _____

    b. Defendant:

        i. Counsel: _____

        ii. Client Representative: _____

            Authority to settle?    Yes ☐    No ☐

        iii. Additional Attendees: _____

            Authority to settle?    Yes ☐    No ☐

        iv. Do the parties request that anyone be permitted to attend via telephone? If so who and why? Such a request will only be granted upon a substantial showing of good cause. Mere convenience shall not be an adequate basis.

_____
_____
_____
_____

III. Additional Comments:

_____
_____
_____
_____